UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CHRISTOPHER E. ROBINSON,

           Plaintiff,

v.                                                    5:21-CV-1098
                                                    (TJM/ML)
MICHAEL WRIGHT, New York State Parole
Officer; MATTHEW MULLEN, New York
State Parole Officer; and TONIA
ZIMMERMAN, New York State Parole
Officer,

           Defendants.

---

APPEARANCES:                                               OF COUNSEL:

CHRISTOPHER E. ROBINSON
  Plaintiff, *Pro Se*
Cayuga Correctional Facility
Post Office Box 1186
Moravia, New York 13118

MIROSLAV LOVRIC, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

      The Clerk has sent this *pro se* complaint together with an amended application to proceed *in forma pauperis* and motion for appointment of counsel filed by Christopher E. Robinson ("Plaintiff") to the Court for review. (Dkt. Nos. 1, 4, 7.) For the reasons discussed below, I grant Plaintiff's amended *in forma pauperis* application (Dkt. No. 7), deny Plaintiff's motion for appointment of counsel (Dkt. No. 4), and recommend that Plaintiff's Complaint (Dkt. No. 1) be dismissed with leave to amend.

I.   BACKGROUND

Construed as liberally[1] as possible, Plaintiff's Complaint alleges that defendants Michael Wright, Matthew Mullen, and Tonia Zimmerman (collectively "Defendants"), who are all New York State parole officers, violated his civil rights by submitting perjured testimony against him. (*See generally* Dkt. No. 1 [Compl.].)  Plaintiff alleges that based on Defendants' perjured statements, the parole violations against him were sustained and he has been reincarcerated.  (*Id.*) Based on these factual allegations, Plaintiff asserts the following three causes of action: (1) a claim that Plaintiff's right to a fair trial was violated pursuant to the Due Process Clause in the Fourteenth Amendment and 42 U.S.C. § 1983; (2) a claim that Plaintiff's right to life, liberty, and property was violated pursuant to the Fifth Amendment and 42 U.S.C. § 1983; and (3) a claim that his right to be free from cruel and unusual punishment was violated pursuant to the Eighth Amendment and 42 U.S.C. § 1983.  (*Id.*)  As relief, Plaintiff seeks $3,000,000.00 in damages against Defendants.  (*Id.*)

II.   **PLAINTIFF'S AMENDED APPLICATION TO PROCEED** *IN FORMA PAUPERIS*

"28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged." *Cash v. Bernstein*, 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010).[2]  "Although an indigent,

---

[1]   The court must interpret *pro se* complaints to raise the strongest arguments they suggest. *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

[2]   Section § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* where, absent a showing of "imminent danger of serious physical injury," a prisoner has filed three or more actions that were subsequently dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(g).  The Court has reviewed Plaintiff's litigation history on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service.  *See* http://pacer.uspci.uscourts.gov.  It does not appear from that review

incarcerated individual need not prepay the filing fee at the time of filing, he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts." *Cash*, 2010 WL 5185047, at *1 (citing 28 U.S.C. § 1915(b); *Harris v. City of New York*, 607 F.3d 18, 21 (2d Cir. 2010)).

Upon review, the Court finds that Plaintiff has submitted a completed amended IFP application which has been certified by an appropriate official at his facility (Dkt. No. 7), and which demonstrates economic need. *See* 28 U.S.C. § 1915(a)(2). Plaintiff has also filed the inmate authorization required in the Northern District. (Dkt. No. 3.)

Accordingly, Plaintiff's amended application to proceed with this action IFP is granted. (Dkt. No. 7.)

### III. LEGAL STANDARD GOVERNING INITIAL REVIEW OF A COMPLAINT

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a

---

that Plaintiff had accumulated three strikes for purposes of 28 U.S.C. § 1915(g) as of the date this action was commenced.

complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citation and punctuation omitted).

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

"[E]xtreme caution should be exercised in ordering sua sponte dismissal of a . . . complaint before the adverse party has been served and [the] parties . . . have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The Court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a plaintiff's complaint to proceed. *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Aguilar v. United States*, 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989)

("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

IV.   **ANALYSIS**

In addressing the sufficiency of a plaintiff's complaint, the court must construe his pleadings liberally. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Having reviewed Plaintiff's Complaint with this principle in mind, I recommend that his claims be dismissed.

"Although a parolee facing revocation of release is not entitled to the 'full panoply of rights' due [to] a defendant in a criminal prosecution, the Supreme Court has held that the revocation of parole implicates a liberty interest protected by the Due Process Clause of the Fourteenth Amendment." *Guarneri v. Wood*, 08-CV-0792, 2011 WL 4592209, at *19 (N.D.N.Y. Sept. 2, 2011) (Homer, M.J.) (citing *Morrisey v. Brewer*, 408 U.S. 471, 482 (1972)).

"It is firmly established that a constitutional right exists not to be deprived of liberty on the basis of false evidence fabricated by a government officer." *Zahrey v. Coffey,* 221 F.3d 342, 355 (2d Cir. 2000). "No 'reasonably competent officers could disagree,' that a parole officer can[]not properly rely on evidence he knows to be false." *Scotto v. Almenas,* 143 F.3d 105, 113 (2d Cir. 1998) (citations and alteration omitted) (quoting *Ricciuti v. N.Y.C. Transit Auth.,* 124 F.3d 123, 128 (2d Cir. 1997)).  Indeed, the Second Circuit has "held that Section 1983 liability attaches for knowingly falsifying evidence even where there simultaneously exists a lawful basis for a deprivation of liberty." *Victory v. Pataki*, 814 F.3d 47, 64 (2d Cir. 2016) (citing *Ricciuti*, 124 F.3d at 130) ("No arrest, no matter how lawful or objectively reasonable gives an arresting

5

officer or his fellow officers license to deliberately manufacture false evidence against an arrestee.").

I find that Plaintiff's brief factual allegation—that Defendants provided perjured testimony—fails to state a claim under the Fifth, Eight, and Fourteenth Amendment for deprivation of his liberty and property, cruel and unusual punishment, and violation of his right to due process.  Plaintiff's brief factual allegation fails to state any claim upon which relief may be granted.  Plaintiff's allegations are insufficient under Rule 8 of the Federal Rues of Civil Procedure, which requires that pleadings set forth a claim for relief contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Plaintiff's summary allegation is insufficient to give Defendants "fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense."  *Hudson v. Artuz*, 95-CV-4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, C.J.)).  Plaintiff fails to allege what statements Defendants allegedly made which were false and provided under penalty of perjury.

As a result, I recommend that Plaintiff's Complaint be dismissed.

V.     **OPPORTUNITY TO AMEND**

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").  An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it."

*Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).[3]

In light of Plaintiff's *pro se* status, the Court recommends that prior to outright dismissal, Plaintiff be afforded the opportunity to submit an amended complaint, with the warning that failure to submit an amended complaint will result in dismissal of this action.

If Plaintiff chooses to file an amended complaint, he should note that the law in this circuit clearly provides that "'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'" *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *accord Pourzancvakil v. Humphry*, 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.). Therefore, in any amended complaint, Plaintiff must clearly set forth facts that give rise to the claims, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act. In addition, the revised

---

[3]   *See also Carris v. First Student, Inc.*, 132 F. Supp. 3d 321, 340-41 n.1 (N.D.N.Y. 2015) (Suddaby, C.J.) (explaining that the standard set forth in *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)—that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would be successful in stating a claim"—is likely not an accurate recitation of the governing law after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)), *rev'd on other grounds*, 682 F. App'x 30.

pleading should allege facts demonstrating the specific involvement of any of the named defendants in the constitutional deprivations alleged in sufficient detail to establish that they were tangibly connected to those deprivations. *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Finally, Plaintiff is informed that any such amended complaint will replace the existing Complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect.").

## VI.    PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has also submitted a request for appointment of counsel. (Dkt. No. 4.) The application indicates that Plaintiff's motion for appointment of counsel is the "only step [he has] taken in order to obtain counsel." (*Id.*) Therefore, Plaintiff's motion is deficient because it does not assert that he has been unsuccessful in his efforts to obtain counsel on his own from the private sector. (*Id.*); *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335 (2d Cir. 1994).

"A party has no constitutionally guaranteed right to the assistance of counsel in a civil case." *Leftridge v. Connecticut State Trooper Officer No. 1283*, 640 F.3d 62, 68 (2d Cir. 2011) (citations omitted). Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a number of factors must be carefully considered by the court in ruling upon such a motion. As a threshold matter, the court should ascertain whether the indigent's claims seem likely to be of substance. A motion for appointment of counsel may be properly denied if the court concludes that the plaintiff's "chances of success are highly

8

dubious." *Leftridge*, 640 F.3d at 69.  If the court finds that the claims have substance, the court should then consider:

> [T]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in th[e] case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp.*, 28 F.3d at 1341 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986)).  This is not to say that all, or indeed any, of these factors are controlling in a particular case.  Rather, each case must be decided on its own facts.  *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Hodge*, 802 F.2d at 61).

In the present matter, the Court has recommended dismissal of the action.  As such, the Court cannot find that Plaintiff's claims are likely to be of substance.  Plaintiff's motion (Dkt. No. 4) is therefore denied.

**ACCORDINGLY**, it is

**ORDERED** that the amended application to proceed *in forma pauperis* (Dkt. No. 7) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's motion for appointment of counsel (Dkt. No. 4) is **DENIED without prejudice and with leave to renew**; and it is further respectfully

**RECOMMENDED** that the Court **DISMISS WITH LEAVE TO REPLEAD** Plaintiff's claims, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and it is further

**ORDERED** that the Clerk of the Court shall file a copy of this order, report, and recommendation on the docket of this case and serve a copy upon the parties in accordance with the local rules.[4]

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[5]  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).

Dated: March 23 , 2022
       Binghamton, New York

_____
Miroslav Lovric
U.S. Magistrate Judge

---

[4]   The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

[5]   If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).