UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

CHRISTOPHER E. ROBINSON,

                Plaintiff,

v.                                                      5:21-CV-1098
                                                           (TJM/ML)
MICHAEL WRIGHT, New York State Parole
Officer; MATTHEW MULLEN, New York
State Parole Officer; and TONIA
ZIMMERMAN, New York State Parole
Officer,

                Defendants.

_____

APPEARANCES:                                                     OF COUNSEL:

CHRISTOPHER E. ROBINSON
  Plaintiff, *Pro Se*
Cayuga Correctional Facility
Post Office Box 1186
Moravia, New York 13118

MIROSLAV LOVRIC, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

      The Clerk has sent this *pro se* amended complaint filed by Christopher E. Robinson ("Plaintiff") to the Court for review. (Dkt. No. 11.) For the reasons discussed below, I recommend that Plaintiff's Amended Complaint (Dkt. No. 11) be accepted in part for filing and dismissed in part without leave to amend.

I.      **BACKGROUND**

Construed as liberally[1] as possible, Plaintiff's Amended Complaint alleges that defendants Michael Wright, Matthew Mullen, and Tonia Zimmerman (collectively "Defendants"), who are all New York State parole officers, violated his civil rights by submitting perjured testimony against him.  (*See generally* Dkt. No. 11 [Am. Compl.].)  More specifically, Plaintiff alleges that on April 29, 2021, during a parole revocation hearing: (1) Defendant Wright testified that (a) Plaintiff was not allowed to possess a smartphone throughout his parole, and (b) his reasoning for requesting a search of Plaintiff's residence was because of law enforcement contact related to a domestic violence incident involving Plaintiff; (2) Defendant Mullen testified that he personally searched Plaintiff's bedroom and found a smartphone under a mattress; and (3) Defendant Zimmerman (a) omitted, while under oath, where she found alleged contraband while searching Plaintiff's residence, and (b) omitted, while under oath, Officer Delaney when listing the individuals present while searching Plaintiff's residence.  (*Id*.)

Plaintiff alleges that based on Defendants' perjured statements, the parole violations against him were sustained and he has been reincarcerated.  (*Id*.)  Based on these factual allegations, Plaintiff asserts the following five causes of action: (1) a claim that Plaintiff's right to a fair trial was violated by Defendants pursuant to the Due Process Clause in the Fourteenth Amendment and 42 U.S.C. § 1983; (2) a claim that Plaintiff's right to a fair trial was violated by Defendants pursuant to the Fifth Amendment and 42 U.S.C. § 1983; (3) a claim that Defendant Wright violated Plaintiff's rights in making an arbitrary and capricious decision pursuant to the Fourteenth and Fifth Amendments; (4) a claim of malicious prosecution against Defendants

---

[1]     The court must interpret *pro se* complaints to raise the strongest arguments they suggest. *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

2

pursuant to the Fifth, Eighth, and Fourteenth Amendments; and (5) a claim of false imprisonment against Defendants pursuant to the Fifth, Eighth, and Fourteenth Amendment. (*Id.*) As relief, Plaintiff seeks $3,000,000.00 in damages against Defendants. (*Id.*)

## II.      LEGAL STANDARD GOVERNING INITIAL REVIEW OF A COMPLAINT

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citation and punctuation omitted).

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

"[E]xtreme caution should be exercised in ordering sua sponte dismissal of a . . . complaint before the adverse party has been served and [the] parties . . . have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The Court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a plaintiff's complaint to proceed. *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Aguilar v. United States*, 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

### III.   ANALYSIS

In addressing the sufficiency of a plaintiff's complaint, the court must construe his pleadings liberally. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Having reviewed Plaintiff's Amended Complaint with this principle in mind, I recommend that his claims be accepted in part for filing and dismissed in part without leave to amend.

### A.     Section 1983 Claims Against Defendants in Official Capacities

To the extent that Plaintiff's claims are asserted against Defendants in their official capacities, I recommend that they be dismissed for failure to state a claim upon which relief may be granted.  Plaintiff seeks only monetary damages, and Defendants—in their official capacities—are immune from suit pursuant to the Eleventh Amendment.  *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("The Court has held that, absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court. This bar remains in effect when State officials are sued for damages in their official capacity." (internal citations omitted)); *Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe, on the basis of such slender 'evidence,' that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States."); *Minotti v. Lensink*, 798 F.2d 607, 609 (2d Cir. 1986) ("Using its authority under section 5 of the fourteenth amendment, Congress may abrogate the eleventh amendment in the absence of a waiver by the states, but the civil rights statute 42 U.S.C. § 1983 does not override the eleventh amendment." (internal citations omitted)).

Plaintiff alleges that Defendants are New York State Parole Officers.  (Dkt. No. 11 at 2-3.)  "Because the New York State [Division of Parole ("DOP")] is an arm of the state, [and] Plaintiff [asserts] claims against . . . . DOP employees[,] . . . the Eleventh Amendment bars any claims for damages against . . . [D]efendants in their official capacities." *Kirkland v. New York State Div. of Parole*, 20-CV-8606, 2021 WL 706709, at *3 (S.D.N.Y. Feb. 18, 2021) (citing *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009)).

As a result, I recommend that Plaintiff's claims against Defendants in their official capacities be dismissed because they are immune from suit.

B. **Section 1983 Claims Against Defendants in Individual Capacities**

To the extent that Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 against Defendants in their individual capacities, I recommend that his claims pursuant to the Fifth and Eighth Amendments and alleging malicious prosecution and false arrest be dismissed but that Defendants be directed to respond to his claim pursuant to the Fourteenth Amendment.

1. **Fifth Amendment**

The Fifth Amendment Due Process Clause applies only to the federal government, and not to state or municipal governments. *See Dusenbery v. United States*, 534 U.S. 161, 167 (2002) ("The Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without due process of law."); *Poe v. Ullman*, 367 U.S. 497, 540 (1961) (explaining that prohibitions "against the deprivation of life, liberty or property without due process of law" set forth in Fourteenth Amendment are applicable to state government and same prohibitions in Fifth Amendment are applicable to "the Federal Government"); *Ambrose v. City of New York*, 623 F. Supp. 2d 454, 466-67 (S.D.N.Y. 2009) (holding that any due process claim "against the City is properly brought under the Fourteenth Amendment, not the Fifth Amendment"); *Mitchell v. Home*, 377 F. Supp. 2d 361, 372-73 (S.D.N.Y. 2005) ("The Fifth Amendment's Due Process Clause protects citizens against only federal government actors, not State officials. Any due process rights plaintiff enjoys as against state government officials . . . arise solely from the Fourteenth Amendment due process clause." (internal citations omitted)).

Plaintiff has not alleged that any federal official violated his Fifth Amendment due process rights. Instead, all of his allegations are against state officials. Thus, Plaintiff's due process claims may only be brought under the Fourteenth Amendment, not the Fifth

Amendment. *See Dusenbery*, 534 U.S. at 167 (explaining that Fifth Amendment does not apply to State officials); *Ambrose*, 623 F. Supp. 2d at 466-67 (stating that Fifth Amendment does not apply to city officials).

As a result, I recommend that Plaintiff's Fifth Amendment claim against Defendants is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

### 2. Eighth Amendment

The Eighth Amendment "protects prisoners from cruel and unusual punishment by prison officials," *Crawford v. Cuomo*, 796 F.3d 252, 256 (2d Cir. 2015), whereas the Fifth and Fourteenth Amendments "prohibit the government from depriving any person of life, liberty, or property, without due process of law." *Smalls v. Collins*, 10 F.4th 117, 133 (2d Cir. 2021) (internal quotation marks, citations and alterations omitted).  Generally, *pro se* plaintiffs bring Eighth Amendment claims to challenge "excessive force," "denial of adequate medical care," "unconstitutional conditions of confinement unrelated to medical care," and the "failure to protect." *Randle v. Alexander*, 960 F. Supp. 2d 457, 470 (S.D.N.Y. 2013).  Though Plaintiff cites the Eighth Amendment, he does not raise issues that are customarily resolved by Eighth Amendment claims; instead, he appears to challenge the lack of "due process of law." (Dkt. No. 11.)  Accordingly, Plaintiff's Eighth Amendment claims "relating to [parole revocation] proceedings . . . are more properly analyzed as due process violations." *Barclay v. New York*, 477 F. Supp. 2d 546, 555 (N.D.N.Y. 2007) (Hurd, J.).

### 3. Malicious Prosecution/False Imprisonment

A plaintiff alleging malicious prosecution and false arrest must demonstrate termination of the proceedings in his favor. *See Henry v. City of New York*, 17-CV-3450, 2021 WL 1648029,

at *4 (S.D.N.Y. Apr. 27, 2021) (citing *Shabazz v. Kailer*, 201 F. Supp. 3d 386, 391 (S.D.N.Y. 2016) (dismissing the plaintiff's malicious prosecution claim because he did not "secure a favorable termination of the criminal action."); *Aragon v. New York*, 14-CV-9797, 2017 WL 2703562, at *5 (S.D.N.Y. June 22, 2017) (quoting *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)) ("Thus, to recover damages for a false imprisonment claim under Section 1983, a prisoner must demonstrate that his conviction 'has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'").

Here, Plaintiff alleges that his "parole violations were sustained and [he has] been reincarcerated." (Dkt. No. 11 at 4.) Thus, Plaintiff has not obtained a favorable termination of the underlying proceeding to state a malicious prosecution or false imprisonment claim.

As a result, I recommend that Plaintiff's claims alleging malicious prosecution and false arrest be dismissed for failure to state a claim upon which relief may be granted.

    **4.**    **Fourteenth Amendment**

A final parole revocation proceeding is an administrative proceeding held solely to enable parole authorities to determine whether the parolee violated the terms of parole. *People ex rel. Maiello v. New York State Bd. of Parole,* 65 N.Y.2d 145, 147 (N.Y. 1985). Although a parolee facing revocation of release is not entitled to the "full panoply of rights" due to a defendant in a criminal prosecution, the Supreme Court has held that the revocation of parole implicates a liberty interest protected by the Due Process Clause of the Fourteenth Amendment. *Morrisey v. Brewer,* 408 U.S. 471, 482 (1972). Upholding the *Morrisey* decision, a year later the Supreme Court further defined the process required during a preliminary parole revocation hearing. *Gagnon v. Scarpelli,* 411 U.S. 778, 786 (1973). "At the . . . hearing, a probationer or parolee is

entitled to notice of the alleged violations of probation or parole, an opportunity to appear and to present evidence in his own behalf, a conditional right to confront adverse witnesses, an independent decisionmaker, and a written report of the hearing." *Gagnon,* 411 U.S. at 786 (citing *Morrisey,* 408 U.S. at 487). Furthermore, at the final hearing, individuals are given a more detailed hearing with the minimum requirements including:

> (a) written notice of the claimed violations of (probation or) parole; (b) disclosure to the (probationer or) parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking (probation or) parole.

*Id.* (citing *Morrisey,* 408 U.S. at 489).

Here, Plaintiff alleges that his constitutional rights were violated during his parole revocation hearing based on false statements made by Defendants. Out of an abundance of caution, mindful of the Second Circuit's instruction that a *pro se* plaintiff's pleadings must be liberally construed, *see, e.g., Sealed Plaintiff*, 537 F.3d at 191, and without expressing an opinion as to whether Plaintiff can withstand a properly filed motion to dismiss or for summary judgment, I recommend that a response be required to Plaintiff's Fourteenth Amendment claims against Defendants in their individual capacities.

IV. **OPPORTUNITY TO AMEND**

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). An opportunity to amend is not required, however, where "the problem

9

with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).[2]

In this instance, I conclude that any further amendments to Plaintiff's Amended Complaint would be futile. As a result, I recommend that Plaintiff's Amended Complaint be dismissed without leave to amend to the extent that it alleges claims pursuant to 42 U.S.C. § 1983 against Defendants in their (1) official capacities, and (2) individual capacities alleging violations of the Fifth and Eighth Amendments, for malicious prosecution, and for false imprisonment. *See Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 168 (2d Cir. 2003) (quoting *Dluhos v. Floating & Abandoned Vessel, Known as "New York,"* 162 F.3d 63, 69 (2d Cir. 1998)) (finding that the "District Court did not abuse its discretion in denying [the plaintiff] leave to amend the complaint because there was a 'repeated failure to cure deficiencies by amendments previously allowed.'"); *Salinger v.*

---

[2] *See also Carris v. First Student, Inc.*, 132 F. Supp. 3d 321, 340-41 n.1 (N.D.N.Y. 2015) (Suddaby, C.J.) (explaining that the standard set forth in *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)—that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would be successful in stating a claim"—is likely not an accurate recitation of the governing law after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)), *rev'd on other grounds*, 682 F. App'x 30.

*Projectavision, Inc.*, 972 F. Supp. 222, 236 (S.D.N.Y. 1997) ("Three bites at the apple is enough.").

**ACCORDINGLY**, it is respectfully

**RECOMMENDED** that Plaintiff's Amended Complaint (Dkt. No. 11) be **ACCEPTED FOR FILING** with respect to Plaintiff's Fourteenth Amendment due process claim against Defendants in their individual capacities; and it is further respectfully

**RECOMMENDED** that the Court **DISMISS WITHOUT LEAVE TO REPLEAD** Plaintiff's claims (1) against Defendants in their official capacities, and (2) against Defendants in their individual capacities pursuant to the Fifth Amendment, Eighth Amendment, for malicious prosecution, and for false imprisonment, for failure to state a claim upon which relief may be granted and because it seeks monetary relief against Defendants who are immune from such relief pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that the Clerk of the Court shall file a copy of this report and recommendation on the docket of this case and serve a copy upon the parties in accordance with the local rules.[3]

---

[3] The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

11

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[4] Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).

Dated: July 11, 2022
       Binghamton, New York

*Miroslav Lovric*
Miroslav Lovric
U.S. Magistrate Judge

---

[4] If you are proceeding *pro se* and served with this report and recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).