**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**CHRISTOPHER E. ROBINSON,**

                            **Plaintiff,**

    vs.                                                  5:21-CV-1098
                                                             (TJM/ML)

**MICHAEL WRIGHT, New York State**
**Parole Officer, MATTHEW MULLEN,**
**New York State Parole Officer, and**
**TONIA ZIMMERMAN, New York State**
**Parole Officer,**

                            **Defendants.**
_____

Thomas J. McAvoy,
Sr. U.S. District Judge

## DECISION & ORDER

      The Court referred this *pro se* Complaint to Magistrate Judge Miroslav Lovric for a Report-Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).  Plaintiff alleges that Defendants, New York State Parole Officers, violated his rights when they brought parole violations against him.  On May 12, 2022, the Court accepted and adopted a Report-Recommendation from Judge Lovric that recommended that the Court dismiss Plaintiff's Complaint with leave to replead.  See dkt. # 12.  The Court also accepted for filing an Amended Complaint that Plaintiff filed in response to Judge Lovric's Report-Recommendation.  Id.  The Court referred that Amended Complaint to Judge Lovric for an initial review.  Id.

1

Judge Lovric's Report-Recommendation, dkt. # 13, issued July 11, 2022, recommends that the Court permit Plaintiff's Fourteenth Amendment due process claim against the Defendants in their individual capacities to go forward. Judge Lovric concluded that Plaintiff could conceivably make out a claim that the Defendants had violated his due process rights by testifying falsely at his parole revocation hearing. As far as the other claims Plaintiff raised, Judge Lovric concluded that better pleading would not cure their deficiencies and recommended that those claims be dismissed without opportunity to replead.

Plaintiff did not object to the Report-Recommendation. The time for such objections has passed. After examining the record, this Court has determined that the Report-Recommendation is not subject to attack for plain error or manifest injustice and the Court will accept and adopt the Report-Recommendation for the reasons stated therein.

Plaintiff wrote to inform the Court that he had no objections to the Report-Recommendation. See dkt. # 16. Instead, he asked permission for leave to file a summary judgment motion because he could "show, beyond a reasonable doubt, that his claim is meritorious." Id. The Court will deny this motion. It is well settled that on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the non-moving party, see Tenenbaum v. Williams, 193 F.3d 581, 593 (2d Cir. 1999), and may grant summary judgment only where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a). An issue is genuine if the relevant evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, 477 U.S. 242,

248 (1986). As this law makes clear, a motion for summary judgment argues that no evidence exists to support a particular claim. Defendants have not yet answered the Complaint, and no evidence has yet been collected. A motion for summary judgment would not be appropriate at this time. The Court will deny the motion. A schedule for discovery and motion deadlines will be set after Defendants have answered or otherwise responded to the Amended Complaint.

Accordingly,

The Report-Recommendation of Magistrate Judge Lovric, dkt. # 13, is hereby **ACCEPTED** and **ADOPTED**. Plaintiff's Amended Complaint is hereby accepted for filing with respect to Plaintiff's due process claim against the Defendants in their individual capacities. Plaintiff's Amended Complaint is hereby DISMISSED WITHOUT LEAVE TO REPLEAD with respect to:

1. Plaintiff's claims against Defendants in their official capacities;
2. Plaintiff's claims against Defendants in their individual capacities pursuant to the Fifth Amendment, Eighth Amendment, and any claims for malicious prosecution and false imprisonment.

**IT IS SO ORDERED.**

**Dated:** September 19, 2022

Thomas J. McAvoy
Senior, U.S. District Judge