**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**CHRISTOPHER E. ROBINSON,**

**Plaintiff,**

**v.** **5:21-CV-1098**

**MICHAEL WRIGHT, New York State Parole Officer; MATTHEW MULLEN, New York State Parole Officer; and TONIA ZIMMERMAN, New York State Parole Officer,**

**Defendants.**

---

**THOMAS J. McAVOY,**
**Senior United States District Judge**

**DECISION & ORDER**

## I. INTRODUCTION

Plaintiff Christopher E. Robinson commenced this civil rights action *pro se* against defendants Michael Wright, Matthew Mullen, and Tonia Zimmerman (collectively "Defendants"). Defendants are all New York State parole officers. The operative pleading is Plaintiff's Amended Complaint. ECF No. 11. The Court *sua sponte* dismissed several causes of action without leave to replead from the Amended Complaint. ECF No.17. The sole remaining claims are Fourteenth Amendment due process claims against Defendants in their individual capacities, brought pursuant to 42 U.S.C. § 1983. *Id.*

In these claims, Plaintiff alleges that Defendants violated his civil rights by submitting perjured testimony against him, and by making "omissions of material facts,"

at his parole revocation hearing. *See generally* ECF No. 11. Plaintiff contends that the parole violations against him were sustained, and he was reincarcerated, "due to the perjured statements and omissions of material facts" by Defendants. *Id.* at p. 4. Plaintiff seeks three million dollars ($3,000,000) in monetary damages against Defendants. *Id.* Plaintiff is presently in New York State custody.[1]

Defendants move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the action on the grounds that Plaintiff's due process claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L.Ed.2d 383 (1994). ECF No. 31. Plaintiff opposes the motion, ECF No. 32, and Defendants file a reply. ECF No. 33.

After the dismissal motion was fully briefed, Plaintiff filed a motion for summary judgment. ECF No. 39. Defendants responded in opposition to that motion, ECF No. 40, and Plaintiff filed a reply. ECF No. 41.

For the following reasons, Defendants' motion to dismiss is granted and Plaintiff's motion for summary judgment is denied as moot.

## II. STANDARD OF REVIEW – Rule 12(b)(6) Motion

On a Fed. R. Civ. P. 12(b)(6) motion, the Court must accept "all factual allegations in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor." *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009) (internal quotation marks omitted). This tenet does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements ... are not entitled to the assumption of truth."

[1] *See* https://nysdoccslookup.doccs.ny.gov/ (last accessed 09/13/2023).

*Id.; see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(stating that a court is "not bound to accept as true a legal conclusion couched as a factual allegation"). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

"The Court is obligated to construe *pro se* pleadings broadly and liberally, interpreting them so as to raise the strongest arguments they suggest." *Daniels v. Kijakazi*, No. 22-CV-6297 (LJL), 2023 WL 3901987, at *3 (S.D.N.Y. June 8, 2023)(citing *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007); *Weixel v. Bd. of Educ. of City of New York*, 287 F.3d 138, 146 (2d Cir. 2002); *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000)). "However, this does not relieve *pro se* plaintiffs of the requirement that they plead enough facts to 'nudg[e] their claims across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "Nor does it relieve them of the obligation to otherwise comply with the pleading standards set forth by the Federal Rules of Civil Procedure." *Id.* (citing *Saidin v. N.Y.C. Dep't of Educ.*, 498 F. Supp. 2d 683, 687 (S.D.N.Y. 2007)).

## III. DISCUSSION

### a. Application of *Heck v. Humphrey*

"An individual convicted of a crime may not bring a section 1983 suit for damages that 'necessarily impl[ies] the invalidity of his conviction or sentence ... unless [he] can demonstrate that the conviction or sentence has already been invalidated.'" *Opperisano v. P.O. Jones*, 286 F. Supp. 3d 450, 454 (E.D.N.Y. 2018)(quoting *Heck*, 512 U.S. at 487)(additional citations omitted). "*Heck's* limitation of section 1983 claims has come to

be known as the ‘favorable-termination’ rule and applies to revocations of parole.” *Id.* (citing*, inter alia*, *Lee v. Donnaruma*, 63 Fed. Appx. 39, 41 (2d Cir. 2003) (“Courts have applied *Heck* to prevent a state prisoner from bringing a Section 1983 action challenging a parole revocation unless that revocation decision is reversed or the underlying conviction is set aside.”)). “A parolee challenging a parole revocation must therefore demonstrate that his parole revocation has been ‘reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.’” *Id.* at 455 (quoting *Heck*, 512 U.S. at 486–87)(additional citations omitted).

Defendants contend that Plaintiff’s Fourteenth Amendment due process claims are barred by *Heck* because, by alleging that Defendants gave perjured testimony and made material omissions during his parole revocation hearing resulting in his conviction and reincarceration, he is implying the invalidity of his parole revocation determination. ECF No. 31-1 at 4 (citing *Harris v. City of New York*, 2003 WL 554745, at *3 (S.D.N.Y. 2003)(dismissing the plaintiff's section 1983 claim pursuant to *Heck* insofar as he challenged “the basis” for the parole revocation determination)). Further, Defendants correctly point out that nowhere in Plaintiff’s Amended Complaint does he establish that his parole revocation determination has been invalidated, or that his underlying conviction has been set aside. Rather, as Defendants indicate, Plaintiff’s Amended Complaint states that his parole violations “were sustained and I have been reincarcerated due to the perjured statements and omission of material facts by each

and every named defendant." ECF No. 11 at 4. Thus, Defendants contend, Plaintiff's sole remaining § 1983 claims are barred by *Heck* and must be dismissed.

In his opposition, Plaintiff states that he does not "dispute the facts contained in the [Defendants'] PRELIMINARY STATEMENT, STANDARD OF REVIEW or even it's [sic] argument." ECF No. 32, at 6. Plaintiff argues that if he was in fact "using an [sic] § 1983 as the vehicle to argue against his conviction, then dismissal under *Heck* would be the proper remedy." *Id. see also id*. ("The plaintiff does concede to the fact that in his amended complaint it states that his parole violations 'were sustained and I have been reincarcerated due to the perjured statements and omissions of material facts by each and every named defendant.'"). However, Plaintiff argues, he is not using § 1983 as a vehicle to attack his conviction or disturb the final outcome of the hearing, but is only contending that he was injured because Defendants violated his constitutional rights by their conduct at the parole revocation hearing. *Id.* To the extent Plaintiff makes this argument to avoid the application of *Heck*, the argument is rejected.

Plaintiff seeks three million dollars ($3,000,000) in monetary damages as a result of Defendants' alleged constitutional violations. Section 1983 provides the mechanism by which Plaintiff may bring his constitutional claims in federal court. *See Watkins v. Town of Webster*, 592 F. Supp. 3d 96, 127 (W.D.N.Y. 2022). As Defendants argue, Plaintiff's remaining Fourteenth Amendment due process claims must be brought pursuant to §1983 and he cannot base his constitutional claims directly on the Fourteenth Amendment. *See Rother v. NYS Dep't of Corr. & Cmty. Supervision*, 970 F. Supp. 2d 78, 89, n. 12 (N.D.N.Y. 2013)("While Plaintiff explicitly states that her equal-protection claim is brought pursuant to § 1983, she does not state the specific

procedural mechanism upon which her due-process and First Amendment claims rest. These claims, to the extent they seek damages, must be brought pursuant to § 1983 as well.")(citing *Koumantaros v. City Univ. of N.Y.*, 2007 WL 840115, at *5 (S.D.N.Y. Mar. 19, 2007) ("Plaintiff claims defendant violated the due process and equal protection clauses of the Fourteenth Amendment.... [B]ecause § 1983 provides a remedy for plaintiff's causes of action, plaintiff cannot base her constitutional claims directly on the Fourteenth Amendment"), in turn citing *Pauk v. Bd. of Trustees of City Univ. of N.Y.*, 654 F.2d 856, 865 (2d Cir.1981)); *see also Pauk*, 654 F.2d at 865 ("[W]hen § 1983 provides a remedy, a ... cause of action grounded on the Constitution is not available."); *Turpin v. Mailet,* 591 F.2d 426, 427 (2d Cir.1979) (rejecting cause of action against municipality grounded directly on Constitution because of the availability of § 1983).

Plaintiff's argument that he is not attempting to "attack" his conviction "nor to even disturb the final outcome of the hearing," ECF No. 32, at 6, is belied by the assertions in the Amended Complaint. There, Plaintiff asserts that his parole violations were sustained, and he was reincarcerated, "*due to* the perjured statements and omission of material facts by each and every named defendant." ECF No. 11 at 4 (emphasis added). Further, the Amended Complaint states that "Officer's [sic] Wright, Mullen and Zimmerman has [sic] violated the claiment's [sic] 14th amendment right for [sic] due process for [sic] making perjured statement's [sic]," and that these officers violated Plaintiff's "5th, 8th, and 14th Amendment rights for [sic] malicious prosecution for [sic] making perjured testimony *to ensure* the claiment [sic] be remanded back to prison." *Id.* at 6 (emphasis added).

"*Heck* acknowledged that a plaintiff can bring a § 1983 claim to seek damages for a defendant's use of the 'wrong procedures, not for reaching the wrong result' so long as such a claim does not call into question the lawfulness of plaintiff's continued confinement." *McAdoo v. Jagiello*, No. 9:10-CV-355, 2011 WL 1577236, at *2 (N.D.N.Y. Apr. 26, 2011) (citing *Heck*, 512 U.S. at 482–83). "In other words, 'the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the [§ 1983] complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.'" *Id.* (quoting *Heck*, 512 U.S. at 487). "The Supreme Court has clarified that 'the proper inquiry is whether 'victory for the prisoners [would] necessarily [mean] immediate release or a shorter period of incarceration.'" *Id.* at *3 (quoting *McKithen v. Brown,* 481 F.3d 89, 102 (2d Cir. 2007), in turn quoting *Wilkinson v. Dotson,* 544 U.S. 74, 80, 125 S. Ct. 1242, 1247 (2005)); *see Chung v. Stanford*, No. 9:22-CV-1236 (GTSDJS, 2023 WL 3073497, at *3 (N.D.N.Y. Apr. 25, 2023);[2] *Baker v.*

---

[2] In *Chung,* Judge Suddaby wrote:

> Although *Heck* held that the favorable-termination rule is triggered when a prisoner's success would "necessarily imply the invalidity of the *conviction*," 512 U.S. at 487 (emphasis added), the Supreme Court subsequently clarified that *Heck* applies to any challenge to the duration of "confinement" that necessarily implies the invalidity of that confinement, even if that challenge would not implicate the underlying conviction or sentence, *see Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred ... *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis in original)); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (finding that a prisoner's claim for money damages alleging that he was deprived of good-time credits without due process necessarily implies the invalidity of the "punishment imposed," meaning the deprivation of the credits); *Baker v. New York State Dep't of Corr. & Cmty. Supervision*, No. 9:17-CV-1270 (GTS/TWD), 2018 WL 357297, at *4 (N.D.N.Y. Jan. 10, 2018) ("While the Complaint does not include any specific request for immediate release, in the motion for injunctive relief, Plaintiff seeks to overturn the Panel's decision and moves for immediate release.... To the extent that the Complaint could be construed as seeking release, Plaintiff's claims are dismissed without prejudice pursuant to *Heck*, on the ground that habeas corpus is his sole federal remedy."); *McAllister v. Alexandra*, No. 9:09-CV-0664 (GTS/DRH), 2009 WL 10675934, at *5 (N.D.N.Y. July 28, 2009) ("Any claim by Plaintiff that he is entitled to damages resulting from the denial of parole release is barred by the doctrine of *Heck v. Humphrey*[.]"); *Grant v. Ahern*, No. 03-

*New York State Dep't of Corr. & Cmty. Supervision*, No. 9:17-CV-1270 (GTS/TWD), 2018 WL 357297, at *4 (N.D.N.Y. Jan. 10, 2018)("'*Heck* uses the word 'sentence' interchangeably with ... 'continuing confinement' and 'imprisonment,' thus, any shortening of a term of confinement will be subject to the rule in *Heck*.")(quoting *Wilkinson*, 544 U.S. at 83–84, in turn quoting *Heck*, 512 U.S. at 483, 486) (other citation omitted)).

Here, by contending that his parole revocation determination and subsequent sentence were "due to" Defendants' perjury and material omissions at the parole revocation hearing, Plaintiff's victory on this due process claims would invalidate the results of his parole revocation hearing and would necessarily mean his release or a shorter period of incarceration for his parole violations. Put another way, by alleging that Plaintiff's parole violations were sustained and he was reincarcerated "due to the perjured statements and omissions of material facts" by Defendants, Plaintiff necessarily implies the invalidity of his conviction and sentence based on Defendants' conduct at his parole revocation hearing. For this reason, and because Plaintiff has not alleged that his parole revocation determination or subsequent sentence have been invalidated, Plaintiff's due process claims are barred by *Heck*. *See, e.g., Sumter v. Marion,* No. 98 Civ. 2744, 1999 WL 767426, at *5 (S.D.N.Y. Sept. 28, 1999) (dismissing § 1983 claim because to find in plaintiff's favor would require finding that defendants falsified evidence at the revocation hearing, thus invalidating the result); *Sealey v.*

CV-0539 (FJS/RFT), 2005 WL 1936175, at *5 n.3 (N.D.N.Y. Aug. 2, 2005) ("*Heck* has been held to apply to 'suits contesting the rejection of parole release.' " (quoting *Lampkin v. N.Y. City Dep't of Probation*, No. 00-CV-7165, 2001 WL 210362, at *2 (S.D.N.Y. Mar. 1, 2001)).

2023 WL 3073497, at *3.

*Fishkin,* No. 96 CV 6303, 1998 WL 1021470, at *5 (E.D.N.Y. Dec. 2, 1998) (dismissing § 1983 claim alleging police officer made false statements to parole officials, ultimately leading to parole revocation).

Plaintiff also appears to argue that he is entitled to proceed on his Fourteenth Amendment due process claims despite *Heck* because the Court adopted Judge Lovric's recommendation that a response to these claims was required. This argument is without merit. On an initial review of the Amended Complaint, Judge Lovric recommended, *inter alia*, that Plaintiff's malicious prosecution and false arrest claims be dismissed because Plaintiff had "not obtained a favorable termination of the underlying proceeding to state a malicious prosecution or false imprisonment claim." *See* ECF No. 13 at 8. In making this recommendation, Judge Lovric cited to two cases, one of which quoted from *Heck*. *See id.* (citing *Aragon v. New York*, 14-CV-9797, 2017 WL 2703562, at *5 (S.D.N.Y. June 22, 2017)("Thus, to recover damages for a false imprisonment claim under Section 1983, a prisoner must demonstrate that his conviction 'has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'")(quoting *Heck*, 512 U.S. at 486-87)). In addressing Plaintiff's Fourteenth Amendment due process claims, Judge Lovric reviewed the rights that an accused parolee is entitled to at a parole revocation hearing, *id.* 8-9, but he did not address whether *Heck* would bar the due process claims. *See id*. Rather, in recommending that these claims be allowed to proceed, Judge Lovric merely stated:

> Here, Plaintiff alleges that his constitutional rights were violated during his parole revocation hearing based on false statements made by Defendants.

> Out of an abundance of caution, mindful of the Second Circuit's instruction that a *pro se* plaintiff's pleadings must be liberally construed, *see, e.g., Sealed Plaintiff*, 537 F.3d at 191, and without expressing an opinion as to whether Plaintiff can withstand a properly filed motion to dismiss or for summary judgment, I recommend that a response be required to Plaintiff's Fourteenth Amendment claims against Defendants in their individual capacities.

*Id.* at 9.

Plaintiff filed a letter indicating he had no objection to Judge Lovric's recommendations, *see* ECF No. 14, and no other objections were lodged. The Court adopted Judge Lovric's recommendations because it found that the recommendations were not subject to attack for plain error or manifest injustice. ECF No. 17 at 2. The fact that the Court agreed with Judge Lovric that the due process claims should be allowed to proceed does not mean that Court reached any conclusion on whether the claims were barred by *Heck*. Indeed, Judge Lovric indicated that he was not expressing any opinion as to whether Plaintiff's due process claims could survive a motion to dismiss. Plaintiff cannot avoid the application of *Heck* by arguing that this issue has already been resolved in his favor when, in fact, it has not.

For the reasons discussed here, the Court finds that Plaintiff's due process claims are barred by *Heck*. Accordingly, Defendants' motion to dismiss is granted and Plaintiff's due process claims are dismissed.

**b. Leave to Amend**

While district courts generally grant *pro se* plaintiffs an opportunity to amend a complaint to cure its defects, leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). "[T]he *Heck* rule bars [a] plaintiff's claims until the underlying

conviction is invalidated, and thus providing the plaintiff with an opportunity to amend the complaint is futile until such time that the state court conviction is reversed, invalidated by a federal writ of habeas corpus, or otherwise expunged or declared invalid." *Cruz v. Reilly*, No. 08-CV-1245 JFB AKT, 2009 WL 2567990, at *7 (E.D.N.Y. Aug. 18, 2009). Here, "[b]ecause the defects in Plaintiff's complaint [arising from the *Heck* bar] cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his [amended] complaint." *Traore v. New York State Div. of Parole*, No. 22-CV-1431 (LTS), 2023 WL 207920, at *3 (S.D.N.Y. Jan. 13, 2023). The Court dismisses Plaintiff's due process claims without prejudice to being brought in a new action if he can establish that his parole revocation determination or subsequent sentence have been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

### c. Plaintiff's Motion for Summary Judgment

Inasmuch as the only remaining claims in this action are Plaintiff's Fourteenth Amendment due process claims against Defendants in their individual capacities, which are now dismissed without leave to amend, Plaintiff's motion for summary judgment is denied as moot.

## IV. CONCLUSION

For the reasons discussed above, Defendants' motion to dismiss Plaintiff's Fourteenth Amendment due process claims against Defendants, ECF No. 31, is **GRANTED**. These claims are **DISMISSED without prejudice** to being brought in a new action if Plaintiff can establish that his parole revocation determination or

subsequent sentence have been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

Because Plaintiff's Fourteenth Amendment due process claims against Defendants are the only remaining claims in this action, the Amended Complaint, ECF No. 11, is **DISMISSED**.

That being the case, Plaintiff's motion for summary judgment, ECF No. 39, is **DENIED as moot.**

The Clerk of the Court is respectfully directed to close the file in this matter.

**IT IS SO ORDERED.**

Dated: September 19, 2023

Thomas J. McAvoy
Senior, U.S. District Judge